**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-2714
_____

CHRISTINE LYNN FINKBEINER,
individually and on behalf of all others similarly situated,

Appellants

v.

GEISINGER CLINIC; GEISINGER MEDICAL CENTER; GEISINGER HEALTH
PLAN; GEISINGER LEWISTOWN HOSPITAL; GEISINGER WYOMING VALLEY
MEDICAL CENTER; GEISINGER SYSTEM SERVICES; GEISINGER
BLOOMSBURG HOSPITAL; GEISINGER COMMUNITY MEDICAL CENTER;
GEISINGER POTTSVILLE CANCER CENTER; GEISINGER HAZELTON CANCER
CENTER; GEISINGER MAIL ORDER PHARMACY; WEST SHORE ADVANCED
LIFE SUPPORT SERVICES INC.; and GEISINGER SYSTEM FINANCIAL EDITS

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No. 4:21-cv-01903)
District Judge: Honorable Matthew W. Brann

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
On June 9, 2023

Before: HARDIMAN, AMBRO, and FUENTES, *Circuit Judges*

(Filed: September 18, 2023)

―――――――――――
**OPINION**[*]
―――――――――――

FUENTES, *Circuit Judge*.

Over 100 employees of Geisinger Clinic and its affiliates (collectively "Geisinger") filed a complaint challenging Geisinger's employment policies. Plaintiffs' counsel later filed an amended complaint listing Christine Finkbeiner as the only named plaintiff, but the District Court neither dismissed nor dropped the other plaintiffs from the case. The Court ultimately dismissed Finkbeiner's claims with prejudice, and Finkbeiner now appeals that decision. But the Court never dismissed the remaining plaintiffs' claims, meaning we lack appellate jurisdiction and must dismiss this appeal.

Plaintiffs sued Geisinger in November 2021 and twice amended their complaint before Geisinger responded. The Second Amended Complaint names 106 plaintiffs (including Finkbeiner) who generally allege that Geisinger unlawfully required them to submit to COVID-19 testing or vaccination as a condition of employment.

After the District Court denied plaintiffs' motion for preliminary relief,[1] Geisinger quickly moved for summary judgment. The Court denied Geisinger's motion without prejudice. Plaintiffs' counsel then filed a letter advising the District Court of his intent to "[a]mend the Complaint to a Rule 23 representative class action lawsuit in which [he

―――――――――――

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

[1] *See Federoff v. Geisinger Clinic*, 571 F. Supp. 3d 376 (M.D. Pa. 2021).

would] name one plaintiff rather than 106 or 107 plaintiffs."[2] The Court granted leave to file an amended complaint, but plaintiffs neither sought nor obtained leave to dismiss the remaining plaintiffs from the case during this period.

Plaintiffs' counsel then filed a Third Amended Complaint naming Finkbeiner as the sole plaintiff and class representative for a putative class of similarly situated employees. Geisinger timely moved to dismiss, arguing that (1) the Third Amended Complaint failed to state a claim upon which relief may be granted; and (2) in addition to Finkbeiner's claims, the claims of the other 105 plaintiffs named in the Second Amended Complaint should be dismissed with prejudice. In response, plaintiffs simultaneously opposed Geisinger's motion and moved to voluntarily dismiss the entire action without prejudice.

On August 26, 2022, the District Court dismissed Finkbeiner's Third Amended Complaint with prejudice and denied plaintiffs' motion for voluntary dismissal "as moot."[3] This appeal followed.

Neither party disputes appellate jurisdiction, but we must examine it *sua sponte*.[4] The parties argue for jurisdiction under 28 U.S.C. § 1291, which permits appeal of "all final decisions of the district courts[.]" But the District Court's August 26, 2022, order was not a "final decision" because it did not dismiss "all the claims of all the parties" to

---

[2] Dist. Ct. Docket 38.

[3] *Finkbeiner v. Geisinger Clinic*, 623 F. Supp. 3d 458 (M.D. Pa. 2022).

[4] *In re Flat Glass Antitrust Litig.*, 288 F.3d 83, 88 n.5 (3d Cir. 2002).

this action.[5]  While the District Court unambiguously dismissed all of Finkbeiner's claims with prejudice, it has not dismissed the claims of any other plaintiff.

First, the Court did not dismiss or drop any plaintiff from the case before August 26, 2022.  Geisinger moved for summary judgment and objected to the dismissal of any plaintiff without prejudice, so plaintiffs could not voluntarily dismiss their claims without a court order.[6]  Plaintiffs' counsel did not request the dismissal of any plaintiff until his belated motion to dismiss the entire action, which the District Court denied.[7]

Second, the District Court's August 26, 2022, opinion and order analyzed and dismissed only Finkbeiner's claims in the Third Amended Complaint.  Both plaintiffs and Geisinger argue that the District Court dismissed the claims of all 106 plaintiffs with prejudice, but a review of the order and opinion shows otherwise.  The opinion expressly focuses on "Finkbeiner's complaint," "Finkbeiner's [f]actual [a]llegations," and "Finkbeiner's claims."[8]  Beyond passing references to Finkbeiner's role as putative class representative, the opinion is silent on the claims of all other Geisinger employees.  Simply, the Court's dismissal of the Third Amended Complaint affects only Finkbeiner

---

[5] *Hill v. City of Scranton*, 411 F.3d 118, 124 (3d Cir. 2005).

[6] *See* Fed. R. Civ. P. 21, 41(a).

[7] Plaintiffs have not argued that the District Court's order granting leave to file Finkbeiner's Third Amended Complaint effected a dismissal of the remaining plaintiffs.  Given the lack of language of dismissal in that order and Geisinger's objection to the dismissal of any plaintiff without prejudice, we would at any rate decline to make that inference.

[8] *See Finkbeiner*, 623 F. Supp. 3d at 462–64.  The District Court did say that "[t]hey"— Plaintiffs who were party to the Second Amended Complaint—"fil[ed]" the Third Amended Complaint.  *Id.* at 462.  But the Court focused on Finkbeiner, and, in any event, Finkbeiner was expressly designated the Third Amended Complaint's only Plaintiff party.

because no other plaintiff is named as a party in that pleading or asserted claims in it.[9]

No fair reading of the opinion or order could suggest the Court adjudicated the claims of plaintiffs not party to the Third Amended Complaint.[10] And the Court did not designate its dismissal of the Third Amended Complaint a final judgment under Rule 54(b) of the Federal Rules of Civil Procedure.[11] Consequently, the claims of 105 plaintiffs remain live and divest us of appellate jurisdiction.

For these reasons, we will dismiss this appeal for lack of appellate jurisdiction.

---

[9] Because the District Court did not certify the putative plaintiff class, the Second Amended Complaint's other plaintiffs never became parties to the Third Amended Complaint's putative class action. *Home Depot USA, Inc. v. Lafarge N. Am., Inc.*, 59 F.4th 55, 63 (3d Cir. 2023). And though the filing of an amended complaint in accord with Rule 15 of the Federal Rules of Civil Procedure typically makes that amended complaint the operative one, *Garrett v. Wexford Health*, 938 F.3d 69, 88 (3d Cir. 2019), that is true only of the amending party, and the Third Amended Complaint names only one plaintiff party.

[10] Finkbeiner also argues that the District Court's administrative instruction for the Clerk of Court to "CLOSE the case file" means that the claims of all 106 plaintiffs must have been dismissed. *See* Dist. Ct. Docket 59. But "administrative closings are not final orders," do not operate as dismissals, and have no effect on jurisdiction. *Freeman v. Pittsburgh Glass Works, LLC*, 709 F.3d 240, 247 (3d Cir. 2013).

[11] *Elliott v. Archdiocese of New York*, 682 F.3d 213, 219 (3d Cir. 2012).